UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yana Bangiyeva, individually and on behalf of all others similarly situated;<br><br>                                    Plaintiff,<br><br><br><br><br>          -v.-<br><br>Financial Recovery Services, Inc.; and<br>LVNV Funding LLC<br><br><br>                              Defendant(s). | Civil Action No: 1:20-cv-6016<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Yana Bangiyeva (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Horowitz Law, PLLC, against Defendant Financial Recovery Services, Inc.  (hereinafter "Defendant" or "FRS" or "Defendant FRS") and LVNV Funding LLC (hereinafter "Defendant" or "LVNV" or "Defendant LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was

1

concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws "were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6.     Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7.    Plaintiff is a resident of the State of New York, County of Queens.

8.    Defendant FRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service in New York and can be served at its principal place of business at 4510 W 77th Street, Suite 200, Edina, MN 55435.

9.    Upon information and belief, Defendant FRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.    Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served upon its registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207.

11.    Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

**CLASS ALLEGATIONS**

12.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.    The Class consists of:

1)   all individuals with addresses in the State of New York;

2)   to whom Defendant FRS sent an initial collection letter attempting to collect a consumer debt;

3)   that included threatening and harassing language which created a false sense of urgency overshadowing the right to dispute the debt;

4)   which letter was sent on or after one (1) year prior to the filing of this action and

on or before a date twenty-one (21) days after the filing of this action.

14.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.    Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and §1692g.

17.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

1) **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

2) **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and §1692g.

3) **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

4) **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

5) **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to December 10, 2019 an obligation was allegedly incurred to Credit One Bank, N.A.

23.     The Credit One Bank, N.A. obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

24.     The alleged Credit One Bank, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     Credit One Bank, N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.     Defendant LVNV, a debt collector, purchased the debt from Credit One Bank, N.A. and contracted with Defendant FRS to collect the alleged debt.

27.     Defendant collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – December 10, 2019 Collection Letter*

28.     On or about December 31, 2019 Defendant FRS sent Plaintiff an initial collection letter on behalf of Defendant LVNV (the "Letter") regarding the alleged debt once owed to Credit One Bank, N.A. **See Collection Letter – Attached hereto as Exhibit A.**

29.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G-Notice", which must include the following information:

1) the amount of the debt;

2) the name of the creditor to whom the debt is owed;

3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address

of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

30.    The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

31.    Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

32.    The Letter begins with an ominous heading stating:

     ***** Avoid Client Review For Law Firm Assignment*****

33.    It continues to create a sense of urgency to Plaintiff by stating:

     "We have a limited amount of time before the above-referenced account is recalled from us by the current creditor and reviewed by the current creditor for placement with a law firm."

34.    The second paragraph plainly states the G-Notice requirements in the same font as the other intimidating and harassing language.

35.    The third paragraph continues with the threating language, stating:

> "If we cannot resolve this account, it will be returned to the current creditor and reviewed to determine whether or not placement with a law firm licensed in your jurisdiction is appropriate".

36.    Finally, the fourth paragraph of the Letter continues in the same theme and states:

> "I respectfully ask that you contact our office and make arrangement to resolve your account with us before it is reviewed by our client for assignment to a licensed attorney in your state".

37.    The entire tenor of the Letter completely overshadows the "G-Notice" by intimidating the Plaintiff to avoid disputing the alleged debt and make an immediate payment before an attorney reviews the account for lawsuit.

38.    The Defendants have failed to provide the consumer with a statutorily compliant initial communication letter.

39.    Plaintiff has suffered an informational injury as she was not provided with the information statutorily required to be included in the initial communication letter from Defendants.

40.    As a result, Plaintiff could not make an informed decision regarding her rights and options involving the alleged debt.

41.    Additionally, the Letter fails to state that if the debt is disputed all collection activity would cease.

42.    The inclusion of this disclaimer would give the consumer the protection needed to dispute the debt and not have it simultaneously reviewed for legal action.

43.    Alternatively, Defendant's implied that the account will be reviewed immediately for legal action but did not actually intend to do so.

44.    The statements, take together, are therefore subject to at least two reasonable interpretations, at least one of which is false.

45.     Furthermore, the usage of language regarding attorney review and threats of litigation implies that litigation is imminent, when in fact at this stage, the account is nowhere near the litigation stage, and by its own account, Defendant FRS has no authority regarding litigation.

46.     Discussing and referencing the imminent possibility of litigation, when Defendant FRS has no control over whether the account is placed in litigation, is nothing more than an attempt to coerce and intimidate Plaintiff into paying immediately to avoid legal action.

47.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d *et seq.*

48.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

50.     Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person with the collection of the debt.

51.     Defendants violated said section by harassing and oppressing Plaintiff in threatening her with imminent legal action:

52.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant FRS and Defendant LVNV's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

53.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

55.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56.    Defendants violated said section by:

1) Making a false and misleading representation in violation of § 1692e(10);

2) By making a false representation or using deceptive means in violation of §1692e(10) by coercing the consumer to immediately pay the debt prior to the statutory 30-days available to dispute it;

3) Making statement that are open to more than one reasonable interpretation, at least one of which is inaccurate.

57.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant FRS and Defendant LVNV's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

58.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

59.     Defendant's debt collection efforts attempted and/or directed toward Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

60.     Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

61.     Defendant violated this section by

4)   falsely threating and harassing Plaintiff with the Letter, which contained false threats; and

5)   unfairly implying Defendants will immediately review the account for legal action; and

6)   unfairly coercing the consumer to immediately pay the debt prior to the statutory 30-days available to dispute it;

62.      By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.


## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

63.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

64.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

65.    When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice.

66.    Although Defendants provided the required §1692g notices, Defendants violated 15 U.S.C. §1692g by:

> 7)    Overshadowing the statutory 30-day timeframe for disputing the debt by threatening that the account would be reviewed for legal action even prior to 30 days; and
>
> 8)    Coercing the consumer to waive her statutory § 1692g rights.

67.    By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

68.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Yana Bangiyeva, individually and on behalf of all others similarly situated, demands judgment from Defendant FRS and Defendant LVNV as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 9, 2020

Horowitz Law, PLLC

/s/ *Uri Horowitz*
By: Uri Horowitz
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8706
*Attorneys For Plaintiff*

14