UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

YANA BANGIYEVA, individually and on behalf of others similarly situated,

                    Plaintiff,

            v.

FINANCIAL RECOVERY SERVICES, INC. and LVNV FUNDING LLC,

                    Defendants.

**MEMORANDUM AND ORDER**
20-CV-6016 (LDH) (RER)

---

LaSHANN DeARCY HALL, United States District Judge:

Yana Bangiyeva ("Plaintiff"), on behalf of herself and others similarly situated, asserts claims against Financial Recovery Services, Inc. ("FRS") and LVNV Funding LLC ("LVNV," collectively with FRS, "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

### BACKGROUND[1]

Some time prior to December 10, 2019, Plaintiff purportedly incurred a debt to Credit One Bank, N.A. (First Am. Compl. ("FAC") ¶ 22, ECF No. 13.) On December 31, 2019, LVNV sent to Plaintiff a collection letter (the "Letter") regarding the purported debt. (*Id.* ¶ 28.) The Letter stated:

> *****Avoid Client Review For Law Firm Assignment*****
>
> We have a limited amount of time before the above-referenced account is recalled from us by the current creditor and reviewed by the current creditor for placement with a law firm. If we cannot resolve this account, it will be returned to the current creditor and reviewed to determine whether or not placement with a law firm

---

[1] The following facts are taken from the complaint and assumed to be true for purpose of this memorandum and order, unless otherwise stated.

> licensed in your jurisdiction is appropriate. Such return to the current creditor and review will not occur until after the time period set forth in the paragraph immediately below.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> If we cannot resolve this account, it will be returned to the current creditor and reviewed to determine whether or not placement with a law firm licensed in your jurisdiction is appropriate. As of today, no attorney has reviewed the particular circumstances of this account. However, if you fail to contact this office, the creditor may consider additional remedies to recover the balance due. We are not a law firm and we cannot provide you with legal advice and we will not sue on this account. We do not make decisions as to whether or not to place any account with a law firm as that decision rests solely with the current creditor.
>
> I respectfully ask that you contact our office and make arrangements to resolve your account with us before it is reviewed by our client for assignment to a licensed attorney in your state. To make a payment, please call us at the toll-free number listed below. FRS now accepts some forms of payment on-line at www.fin-rec.com. See your On-Line access PIN above. We look forward to working with you to resolve this matter.

(Ex. A ("Letter"), FAC, ECF No. 13-1.)[2] The Letter also indicated that Plaintiff's total balance due was $1,713.51 with a $0 cost balance, interest balance, and fee balance. (*Id.*; *see also* FAC ¶¶ 32–35.) However, according to the FAC, the total balance in fact included interest and/or fees because "invariably there are interest or fees owed on the debt" at the time a debt has reached collection. (FAC ¶¶ 37–39.) Due to Plaintiff's alleged confusion over the amount of interest and

---

[2] The Letter has been incorporated into the complaint by reference. (*See, e.g.*, First Am. Compl. ("FAC") ¶ 28, ECF No. 13.) "It is well established that '[d]ocuments that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.'" *Beauvoir v. Israel*, 794 F.3d 244, 248 n.4 (2d Cir. 2015) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

fees that had accrued, she was unable to evaluate her options or otherwise pay the alleged debt. (*Id.* ¶¶ 42–44.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

## DISCUSSION

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to [e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent [s]tate action to protect consumers against debt collection abuses.'" *Ceban v. Cap. Mgmt. Servs., L.P.*, No. 17-CV-4554, 2018 WL 451637, at *2 (E.D.N.Y. Jan. 17, 2018) (quoting 15 U.S.C. § 1692(e)). The FDCPA should be construed liberally given its remedial nature and Congress's intent. *See Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP,* 875 F.3d 128, 134 (2d Cir. 2017) (citing *Vincent v. Money Store*, 736 F.3d 88, 98 (2d Cir. 2013)). Consistent with this mandate, debt collection

3

practices are to be evaluated from the perspective of the "least sophisticated consumer." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Cloman v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "But the consumer 'is neither irrational nor a dolt,' and a court must be 'careful not to conflate lack of sophistication with unreasonableness.'" *Denciger v. Network Recovery Servs., Inc.*, 493 F. Supp. 3d 138, 141 (E.D.N.Y. 2020) (quoting *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010)).

Plaintiff complains that Defendants violated various provisions of the FDCPA. Specifically, the complaint alleges that: (1) Defendants engaged in harassing, oppressive, or abusive conduct in violation of § 1692d; (2) Defendants used false, deceptive, or misleading representations in their Letter in violation of § 1692e; (3) the Letter is an unfair or unconscionable means in violation of § 1692f; and, (4) the Letter does not properly and clearly state the amount of the debt, overshadows the statutory 30-day timeframe for disputing the debt, and coerces Plaintiff, in violation of § 1692g. (*See generally* FAC.)

Putting aside for the moment Plaintiff's complaints regarding the stated debt amount, the remainder of Plaintiff's claims are based on the heading of the Letter and the multiple references to a potential attorney review contained in the Letter's body. (FAC ¶¶ 71, 76, 81, 86.) According to Plaintiff, this language, coupled with its formatting, operated to overshadow the validation notice in violation of § 1692g. (Pl.'s Opp'n at 3–7, ECF No. 19.) And, as Plaintiff's argument goes, "[a]s a result, the [L]etter . . . was misleading, deceptive, and unfair as prohibited in 15 U.S.C. §[§] 1692e(10), [] 1692g and [] 1692f." (Pl.'s Opp'n at 6.) Not so.

Section 1692g of the FDCPA provides that, within five days after its initial communication with a consumer, a debt collector must provide the consumer with a written validation notice containing certain information, including that the consumer has thirty days after

4

receipt of the notice to dispute, in writing, the validity of a debt or request the name and address of the original creditor. *See Savino v. Computer Credit*, 164 F.3d 81, 85 (2d Cir. 1998) (quoting 15 U.S.C. § 1692g(a)). Any collection activities or communications within this thirty-day window "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). "A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).

Here, the heading of the Letter and the first paragraph are largely dedicated to informing Plaintiff of the potential review of the debt by the current creditor for potential referral to a law firm. (Letter.) Significantly, however, the third and final sentence of the Letter's first paragraph makes plain that "such [a] return to the current creditor and review will not occur until after the time period set forth in the paragraph immediately below." (*Id.*) The Letter then sets forth the validation notice apprising the debtor of her right to dispute the validity of the debt. (*Id.*) Plaintiff does not appear to claim that the heading and the initial paragraph alone run afoul of § 1692g. Nor could she. Indeed, the Letter here is akin to the FDCPA-compliant letter at issue in *Park v. Forster & Garbus, LLP*, No. 19-cv-3621, 2019 WL 5895703 (E.D.N.Y. Nov. 12, 2019). In *Park*, the plaintiff alleged violations of §§ 1692g and 1692e(10) because a law firm referred to a lawsuit in its collection letter. *See Park,* 2019 WL 5895703, at *2. The court held that reading the statement in conjunction with the validation notice made it "entirely clear that the right to seek validation of the debt would trump the commencement or continuation of a lawsuit[.]" *Id.* at *8. So too here.

5

Nonetheless, Plaintiff maintains that the repeated references to a potential attorney review—in total there were five[3]—operates to overshadow the notice. (Pl.'s Opp'n at 6.) Tellingly, Plaintiff fails to offer what confusion might ensue from the repeated references to the potential return of her debt to the debtor for review for potential referral to a law firm. Put another way, Plaintiff does not indicate how the Letter is "'reasonably susceptible to an inaccurate reading' of the required message." *De-Santis v. Computer Credit Inc.,* 269 F.3d 159, 161 (2d Cir. 2001) (quoting *Russell*, 74 F.3d at 35). This is particularly problematic in light of the fact that the Letter states that any return and subsequent review will not take place until the validation period has expired. (Letter.) And, the third paragraph of the Letter makes clear that, as of the date of the Letter, "no attorney has reviewed the particular circumstances of this account." (*Id.*)

Equally telling (and despite this Court's express invitation to do so), Plaintiff fails to cite any case where a Court has found that repeated references to legal action, coupled with a clear statement of the debtor's FDCPA rights, violated the FDCPA. Instead, Plaintiff directs the Court to the Second Circuit's decisions in *Savino v. Computer Credit, Inc.* and *Russell v. Equifax A.R.S.* Plaintiff's reliance on these cases is misplaced. In *Savino*, the collection letter demanded immediate payment, and included the consumer's validation rights on only the back of the letter. *Savino*, 164 F.3d at 85–86. After emphasizing that the immediate demand for payment itself did not violate the FDCPA, the court held that the letter should have explained that "its demand did not override the consumer's rights[.]" *Id.* at 86. Thus, the violative feature of the notice in *Savino* was its failure to clearly advise the consumer of her FDCPA rights. In this case, the

---

[3] Plaintiff claims that the Letter makes eight references to attorney review. (Pl.'s Opp'n at 5, ECF No. 19.) But, removing those references that do not actually threaten such review, the true count is at most five. (Ex. A ("Letter"), FAC, ECF No. 13-1.)

6

Letter makes plain in the first two paragraphs that Plaintiff had a 30-day validation period prior to the return of the debt to the creditor and subsequent review for referral to a law firm. *Russell* involved two notices, one of which was similar to that in *Savino*. *Russell*, 74 F.3d at 34. The second notice demanded payment during the 30-day validation period, contradicting the validation notice on the back of the first notice. *Id.* at 35–36. The Second Circuit held that "[n]o consumer—much less the least sophisticated one—is expected to know that the language on the back of the first notice takes precedence of the second notice when the instructions contained in the two notices are read in combination." *Id.* No such contradictions are alleged here. Defendants simply did not violate § 1692g.

Plaintiff's claims under §§ 1692d, 1692e, and 1692f are equally deficient. As to § 1692d, Plaintiff provides no basis for the Court to conclude that the Letter is "harass[ing], oppress[ive], or abus[ive]." 15 U.S.C. § 1692d. Plaintiff has not alleged, for example, that Defendants called her excessively even after she told Defendants that they had the wrong number. *See, e.g.*, *Doyle v. Midland Credit Mgmt., Inc.*, No. 11-CV-5571, 2012 WL 1666397, at *4 (E.D.N.Y. May 11, 2012) (plaintiff stated a claim under § 1692d where defendant called "22 to 28" times regarding a debt plaintiff did not owe even after plaintiff informed defendant it had called the wrong number). Nor has Plaintiff alleged that Defendant sent to her an intimidating letter demanding immediate payment. *See, e.g.*, *Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F. Supp. 3d 465, 469 (E.D.N.Y. 2015) (plaintiff stated a claim under § 1692d where the collection letter "was meant to intimidate plaintiff, specifically in accusing the plaintiff of purposefully ignoring the debt and believing that the creditor would forget about it and warning plaintiff that it was defendant's job to make sure the debt was not forgotten"). Instead, Plaintiff's allegation is based on a single letter "which contains no abusive language and is not otherwise inherently

7

harassing." *Kinkade v. Estate Info. Servs., LLC*, No. 11-CV-4787, 2012 WL 4511397, at *10 (E.D.N.Y. Sept. 28, 2012); *see, e.g., Pollard v. Law Office of Mandy L. Spaulding*, 967 F. Supp. 2d 470, 475 (D. Mass. 2013) (Section 1692d claim dismissed where "single letter" stated "I have been retained to collect this debt through whatever legal means are available and without your cooperation").

Plaintiff's § 1692e(10) claim must also be dismissed for the same reasons as the § 1692g claim. Section 1692e(10) "is a 'catch-all provision' barring '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Park*, 2019 WL 5895703, at *3 (quoting *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 194 (2d Cir. 2015)). A debt collection letter is typically found to be deceptive "when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell*, 74 F.3d at 35. Courts in this circuit have held that "the standard for determining a violation of § 1692e(10) is essentially the same as that of § 1692g." *See, e.g., Deutsch v. Forster & Garbus LLC*, No. 19-CV-4116, 2021 WL 7451119, at *3 (E.D.N.Y. May 20, 2021) (collecting cases); *see also Musarra v. Balanced Healthcare Receivables, LLC*, No. 19-CV-5814, 2020 WL 1166449, at *4 (E.D.N.Y. Mar. 11, 2020); *Denciger*, 493 F. Supp. 3d at 141–42. Because the FAC makes out no violation of § 1692g, there is no violation of § 1692e(10).

Finally, Plaintiff's § 1692f claim must be dismissed because she has not sufficiently alleged that the Letter was "unfair or unconscionable." That is, the Court cannot discern anything about the Letter that is "shockingly unjust or unfair, or affronting the sense of justice, decency, or reasonableness," as required to make out a claim under that section. *Weiss v. Sequium Asset Sol., LLC*, No. 21-CV-218, 2022 WL 1046260, at *2 (E.D.N.Y. Apr. 7, 2022)

8

(quoting *Arias*, 875 F.3d at 135). Plaintiff points only to the repeated references to attorney review, which are lawful, and the letter's alleged misstatement of debt, any claim for which, as discussed below, is time barred.

Plaintiff's additional claims based on the alleged misstated debt in the Letter are untimely. The statute of limitations for any FDCPA claim is one year from the date of the violation. *See* 15 U.S.C. § 1692k(d). Plaintiff received the Letter, dated December 10, 2019, on December 31, 2019, and was thus required to bring any FDCPA claim arising out of the Letter no later than December 31, 2020. *See Wai Hoe Liew v. Cohen & Slamowitz, LLP,* 265 F. Supp. 3d 260, 281 (E.D.N.Y. 2017) ("While a question may exist as to whether the cause of action accrues on the date upon which the allegedly unlawful communication is sent or received, there is no question that the latest date upon which the [one-year] period begins to run is the date when a plaintiff receives an allegedly unlawful communication." (citation omitted)) And, in fact, Plaintiff filed the original complaint in this action on December 9, 2020. (*See* Compl., ECF No. 1.) However, that complaint failed to allege any violation of §§ 1692e(2), 1692f, or 1692g based on the alleged misstated debt. These claims were not raised until Plaintiff filed her amended complaint on August 10, 2021. (*See* FAC ¶¶ 32–45, 76(3), 81(4), 86(1).)

Plaintiff maintains that the amended complaint "simply adds a few more facts and allegations supporting the initial claim that the [Letter] violated the FDCPA," (Pl.'s Opp'n at 7) and, as such, the claims relate back to the date of the filing of the original complaint pursuant to Federal Rule of Civil Procedure 15(c)(2). Not so. "Rule 15(c)(2) provides that '[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" *Slayton v. Am. Express Co.*, 460 F.3d 215,

9

228 (2d Cir. 2006) (quoting Fed. R. Civ. P. 15(c)(2)). The "central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Id.* (quoting *Stevelman v. Alias Research Inc.,* 174 F.3d 79, 86 (2d Cir. 1999)). In other words, the focus of the inquiry is whether Defendants were on notice of the violative conduct within the limitation period. And, even if an amended complaint "tracks the legal theory of the first complaint, claims that are based on an 'entirely distinct set' of factual allegations will not relate back." *Id.* (quoting *Nettis v. Levitt*, 241 F.3d 733, 193 (2d Cir. 2001)). This rule is illustrated in *Avila v. Riexinger & Associates, LLC*. There, the Second Circuit affirmed dismissal of a new FDCPA claim as time barred even though the original complaint raised FDCPA claims arising from the same letter. *See* 644 F. App'x 19, 23 (2d Cir. 2016). The Second Circuit agreed with the district court that "in alleging a violation of 1692f, the amended complaint relies on a whole new set of facts relating to the rate of interest being charged—operative facts not at issue in the original complaint." *Id.* (citation omitted) Thus, relation back did not apply. Here, as in *Avila*, Plaintiff's new claims rely on an entirely new set of facts not at issue in the original complaint. That is, the original complaint alleged facts concerning solely the Letter's repeated references to attorney review. (*See generally* Compl.) Only in the amended complaint does Plaintiff allege the debt that was misstated. Therefore, any cause of action arising out of that alleged misconduct does not relate back, and is thus time barred.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint in its entirety is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York　　　　　　　/s/ LDH
　　　　September 26, 2022　　　　　　　LaSHANN DeARCY HALL
　　　　　　　　　　　　　　　　　　　United States District Judge

11